Filed 8/2/13  P. v. Laws CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY LAWS,<br><br>    Defendant and Appellant. | F065844<br><br>(Super. Ct. No. SF015496A)<br><br>**O P I N I O N** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  John Lua, Judge.

Peter Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Wiseman, Acting P.J., Cornell, J., and Poochigian, J.

In May 2010, appellant, Anthony Laws, pled nolo contendere to a single count of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)).[1] In December 2010, the court imposed the midterm sentence of three years.

In May 2011, appellant's sentence was modified in connection with sentencing in a separate case (second case). He was sentenced in both cases to 13 years in prison, consisting of 12 years in the second case and one year in the instant case. In addition, in the instant case the court ordered that appellant pay, inter alia, a court security fee of $40 pursuant to section 1465.8.

On appeal, appellant's sole contention is that the trial court's imposition of the section 1465.8 security fee violated the constitutional prohibition against ex post facto laws. We affirm.

## DISCUSSION

Appellant committed the robbery of which he stands convicted in the instant case in February 2010. At that time, section 1465.8 provided for a $30 assessment for "every conviction for a criminal offense." (Former § 1465.8, subd. (a)(1).) The statute was amended, effective October 19, 2010, to increase the fee from $30 to $40 per conviction. (Stats. 2010, ch. 720, § 33, p. 4918.) As indicated above, the court imposed a section 1465.8 court security fee of $40 for appellant's February 2010 robbery conviction.

Appellant contends that, because he committed the offense before the effective date of the amendment to section 1465.8 raising the court security fee from $30 to $40, the trial court's imposition of a $40 section 1465.8 court security fee violated the constitutional prohibition against ex post facto laws.

We disagree. In *People v. Alford* (2007) 42 Cal.4th 749 (*Alford*), the California Supreme Court addressed the issue of whether the imposition of a court security fee for

---

[1]     All further statutory references are to the Penal Code.

2

convictions concerning crimes that occurred prior to the security fee's enactment constitutes the application of an ex post facto law. (*Id*. at p. 752.) The Supreme Court held that the "imposition of the [fee] serves a nonpunitive purpose," and accordingly, it "does not violate either federal or state prohibitions against ex post facto statutes." (*Id*. at p. 759.) As this court is bound by the decision in *Alford*, we conclude that appellant's contention lacks merit. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 (*Auto Equity Sales*).)

In his opening brief, appellant acknowledges the holding in *Alford*, but argues that "the court [in that case] was incorrect," and states that he "wishes to preserve this issue for potential review in the federal courts." In his reply brief, he again acknowledges that this court is bound by *Alford*, but in the next sentence he suggests we should not follow *Alford* because that case is not "consistent with decisions of the United States Supreme Court," which decisions, he suggests further, we are bound to follow "[u]nder stare decisis ...." This latter argument is a restatement of his earlier claim that *Alford* was wrongly decided. We reiterate that under *Auto Equity Sales*, we must, and do, follow *Alford*.

## DISPOSITION

The judgment is affirmed.

3